LEONARD HEINDEL v. CHARLES E. HETZEL.

Argued June 6, 1911—Decided March 1, 1912.

It is error in law if, in the charge of the court to the jury, a fact of moment, which goes to the merits of the case, is declared to be supported by testimony produced on one side, and not to be contradicted by any proof offered on the other side, when the contrary is true.

On error to Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the plaintiff in error, *Peirce & Hoover*.

For the defendant in error, *Henry H. Fryling*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action for personal injuries resulting, as the plaintiff claimed, from the wheel of his wagon getting caught in an aperture in the de-

fendant's hay scale platform, which was located in a public highway in the city of Newark. The case made by the plaintiff was that when the wheel caught in the aperture he was thrown from the seat of the wagon against a door, striking it so violently that his twelfth rib was broken. The fracture of this rib was the principal injury for which he sought compensation. The defence claimed that this fractured rib was not the result of the accident which was the foundation of the plaintiff's suit. The plaintiff, in support of his contention, called one Dr. Devlin, who testified to having discovered the broken rib in performing an operation upon the plaintiff. The defendant called a Dr. Baker, who testified that more than a year after the occurrence of the accident, and before the operation by Dr. Devlin, he took an X-ray photograph of the plaintiff which showed the twelfth rib and that that photograph disclosed no fracture. In charging the jury upon the question whether the fracture of the rib was the result of the accident the court said: "A further question has been made as to whether, if this rib was fractured, it was fractured by this accident. No other cause is assigned for it which has any substantial foundation in the testimony. There are conjectures that it might have resulted from a fracas in which the man got with a man, but there is nothing that can be called evidence, and you have substantially the testimony of Dr. Devlin, which is entitled to whatever weight you think you ought to give it, on the one side, and nothing on the other side."

In the case of *Smith and Bennett* v. *State,* 12 *Vroom* 370, it was ruled that "It is error in law if in the charge of a judge a fact of moment clearly connected with the merits is stated to be in proof when such fact has neither testimony nor the color of testimony to support it." The converse of this proposition must be equally true, namely, that it is error in law if in the charge of a judge a fact of moment which goes to the merits of a case is declared to be supported by testimony produced on one side and not to be contradicted by any proof offered on the other side when the contrary is the fact.

For this reason the judgment under review should be reversed.